UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.:  5:26-cv-01362-SVW-CTS                          Date:  June 29, 2026

Title:   Colton Jay Simpson v. Unknown

Present:   The Honorable CHRISTINA T. SHAY, United States Magistrate Judge

| Marina Moreno-Carrillo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**         **Order to Show Cause re: Apparent Defects in Petition**

On March 20, 2026, Petitioner Colton Jay Simpson, acting *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition").  (Pet., ECF No. 1.)  While Petitioner was originally convicted in October 2007, the Petition challenges only his resentencing on October 17, 2023.  (Pet. 2.[1])  However, the Petition appears to suffer from certain procedural defects that must be addressed by Petitioner before this case can proceed.  The Court therefore **ORDERS** Petitioner to file a written response to this Order no later than **July 31, 2026** (the "Deadline"), which must address each of the two issues discussed below.

### Exhaustion

First, the Petition may be a "mixed" petition presenting both exhausted and unexhausted claims.  A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief.  *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts "in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citation and quotation marks omitted).  For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his federal claims to the California Supreme Court.  *See O'Sullivan*, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); *see also Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (applying *O'Sullivan* to California).  A claim has been fairly presented if the petitioner presents "both the operative facts and the federal legal theory on which his claim is based." *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (citation and quotation marks omitted);

---

[1] Pinpoint citations refer to the page numbers in the CM/ECF-generated headers of filed documents.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:26-cv-01362-SVW-CTS                    Date:  June 29, 2026

Title:     Colton Jay Simpson v. Unknown

*accord Gray v. Netherland*, 518 U.S. 152, 162–63 (1996).  "[A] district court must dismiss habeas petitions containing both unexhausted and exhausted claims." *Rose v. Lundy*, 455 U.S. 509, 522 (1982).  The Court may raise exhaustion issues *sua sponte* and may summarily dismiss a petition without prejudice on exhaustion grounds.  *See Stone v. City & Cnty. of S.F.*, 968 F.2d 850, 855–56 (9th Cir. 1992); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

Here, Petitioner appealed his resentencing to the California Court of Appeal, and his appeal was denied on December 20, 2024.  (Pet. 3.)  He then filed a Petition for Review with the California Supreme Court, which was denied without opinion on March 26, 2025.  (*Id.*)  Included in this Petition for Review were four grounds for review:  abuse of discretion, violation of due process, false evidence, and miscarriage of justice.  (*Id.*)  However, the instant Petition raises an additional ground for relief:  ineffective assistance of counsel at resentencing.  (*Id.* at 5.)  The Petition explicitly states that this ground has not yet been presented to the California Supreme Court, either in a petition for review or in a habeas petition.  (*Id.*)  The ground has been raised in a habeas petition filed with the Riverside Superior Court on March 16, 2026, which was still pending at the time the instant Petition was filed.  (*Id.* at 3.)  Thus, it does not appear that Petitioner's ineffective assistance of counsel claim has yet been presented to the California Supreme Court.

To the extent Petitioner has not exhausted his state remedies for every ground raised in the Petition, it may be subject to dismissal without prejudice as a mixed petition.  *See Rose v. Lundy*, 455 U.S. 509, 521–22 (1982).  Before the Court makes a recommendation to the District Judge regarding this issue, however, the Court will afford Petitioner an opportunity to respond.  Petitioner is therefore **ORDERED** to show cause why the Court should not recommend dismissal of the Petition for failure to exhaust claims in state court.  Petitioner must respond to this Order to Show Cause, in writing, no later than the Deadline set above.  Petitioner may discharge the Order to Show Cause by filing one of the following four documents:

(1) Notice of Withdrawal.  Pursuant to Federal Rule of Civil Procedure 15(a)(1), Petitioner may voluntarily amend his Petition to remove the unexhausted claims.  Petitioner may effect this amendment by filing a notice of withdrawal of his unexhausted claims.  Petitioner's notice should identify the grounds on which he seeks to proceed.

(2) Request for *Rhines* Stay.  Petitioner may file a request for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005).  If Petitioner elects this option, he must make the requisite showing of good cause for his failure to exhaust his unexhausted claims in state court prior to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:26-cv-01362-SVW-CTS                                Date:  June 29, 2026

Title:    Colton Jay Simpson v. Unknown

filing his Petition.  He also must demonstrate to the Court's satisfaction that his unexhausted claims are not plainly meritless—for example, by citing the Supreme Court authority upon which he is relying in support of that claim.  Finally, he must demonstrate to the Court's satisfaction that he has not engaged in abusive litigation tactics or intentional delay.  *See Rhines*, 544 U.S. at 277–78.

(3) <u>Request for *Kelly* Stay</u>.  Petitioner may file a request for a stay pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003).  Following the *Kelly* procedure, Petitioner would dismiss his unexhausted claims, but the Court would be empowered to stay his remaining fully exhausted claims while he returned to the California courts to exhaust his dismissed claims.  *See Kelly*, 315 F.3d at 1070–71.  **The *Kelly* procedure, however, carries the risk that a newly exhausted claim will be time-barred by the time a petitioner returns to federal court**. *See King v. Ryan*, 564 F.3d 1133, 1040–41 (9th Cir. 2009).  If a newly exhausted claim is time-barred, it can be appended to the Petition only if it shares a "common core of operative facts" with the claims in the Petition.  *See Mayle v. Felix*, 545 U.S. 644, 659 (2005).

(4) <u>Response to Order to Show Cause</u>.  If Petitioner contends that he has exhausted his state-court remedies, he may explain this clearly in a written response to this Order to Show Cause.  Petitioner should attach to his response copies of any documents establishing that the claims are exhausted, including a complete copy of his pleadings before the California Supreme Court and any decision by the California Supreme Court.  (Petitioner also may indicate that, in the event the Court still finds that the claims are unexhausted, he selects one of the options discussed above.)

**<u>Personal Jurisdiction</u>**

The proper respondent in a state habeas action is the "state officer having custody" of the petitioner.  *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citation and quotation marks omitted).  "This person typically is the warden of the facility in which the petitioner is incarcerated." *Stanley v. California Supreme Ct.*, 21 F.3d 359, 360 (9th Cir. 1994).  Failure to name the correct custodian as a respondent may deprive the court of personal jurisdiction over the petition.  *See id.*

Here, Petitioner has not named any respondent at all in his Petition, instead leaving the caption of the form petition, which prompts petitioners to insert the name of the "warden, superintendent, jailer or authorized person having custody of petitioner," blank.  (Pet. 1.)  Petitioner

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:26-cv-01362-SVW-CTS                          Date:  June 29, 2026

Title:    Colton Jay Simpson v. Unknown

is therefore **ORDERED** to file a response to this Order identifying by name the proper respondent—the warden of the institution where Petitioner is currently incarcerated—no later than the Deadline set above.  Failure to do so may result in the Court's recommendation that the action be dismissed for lack of personal jurisdiction over the Petition.  If Petitioner files a response identifying by name the proper respondent by the Deadline, this order to show cause will be discharged.

* * *

**Petitioner is cautioned that failure to respond to this Order by the Deadline may result in a recommendation that the Petition be dismissed without prejudice for failure to exhaust claims in state court pursuant to 28 U.S.C. § 2254(b)(1)(A), for lack of personal jurisdiction, and for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

This Order is non-dispositive.  However, if Petitioner believes this order erroneously disposes of any of his claims or precludes any relief sought, he may file objections with the district judge within twenty (20) days after the date of the Order.  *See Bastidas v. Chappell*, 791 F.3d 1155, 1162 (9th Cir. 2015); Fed. R. Civ. P. 72; C.D. Cal. L.Rs. 72-2.1, 72-3.4.

It is so ordered.